UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

BRIAN RADECKI and
AMY RADECKI,

        Plaintiffs,                                                      20-CV-814

v.

NATIONAL FIRE & MARINE INSURANCE COMPANY,
IRONSHORE SPECIALTY INSURANCE COMPANY,
NATIONAL FIRE & MARINE INSURANCE COMPANY
AS ADMINISTERED BY MEDPRO GROUP COMPANY,
GUNDERSEN CLINIC PROFESSIONAL LIABILITY
INSURANCE PLAN, GUNDERSEN CLINIC, LTD.,
and KATHERINE DAHL.

---

**MOTION OF INTERESTED PARTY LILLIAN RADECKI AND HER COUNSEL KURT J. KNUESEL FOR A DECLARATION FROM THIS COURT THAT THEY MAY ATTEND DEPOSITIONS IN THIS CASE AND OBTAIN TRANSCRIPTS/VIDEO RECORDINGS OF DISCOVERY DEPOSITION TESTIMONY**

---

      Interested party Lillian Radecki, by her attorney Kurt J. Knuesel, hereby moves this Court for a declaration that they may attend depositions in this case and obtain transcripts/video recordings of discovery deposition testimony as they deem necessary. The basis for this motion is discussed in the Declaration of Kurt J. Knuesel that accompanies this motion as well as below:

      1. As a general proposition, pretrial discovery must take place in public unless compelling reasons exist for denying public access to the proceedings. While courts have, on rare occasions, construed the federal rules to allow for the exclusion of parties from pretrial depositions, they agree exclusion should be ordered "rarely" and only upon a heightened showing of "exceptional" or "compelling" circumstances necessary to protect the deponent. *Enciso v. Talgo, Inc.*, 2013 WL 5674846 (E.D. Wis. 2013) *citing AT&T Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *Visor v.*

1

*Sprint/United Mgmt. Co.*, No. CIV.A 96-K-1730, 1997 U.S. Dist. LEXIS 14086 (D. Colo. Aug. 15, 1997).

2.    Fed. Rule Civ. P. 30(c)(1), provides that depositions should "proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Federal Rule of Evidence 615 allows for sequestering witnesses at trial. However, Fed. R. Civ. P. 30(c)(1) appears to prohibit sequestration orders for discovery depositions.

3.    There is no protective order or other order in place that expressly prohibits Lillian Radecki and/or Attorney Knuesel from attending depositions in this case or obtaining deposition transcripts/video recordings of depositions. Further, no party to date has raised any "exceptional" or "compelling" circumstances necessary to protect the deponents in this case from Lillian Radecki and Attorney Knuesel from appearing at depositions and obtaining depositions transcripts/video recordings. *Enciso v. Talgo, Inc.*, 2013 WL 5674846 (E.D. Wis. 2013)(citations omitted).

4.    As further outlined in the Declaration of Kurt J. Knuesel, depositions in this matter will expressly involve testimony directly regarding Lillian Radecki's mental health treatment, medical treatment, the investigation into the sexual abuse allegations made by Lillian Radecki against Brian Radecki, and the subsequent Child in Need of Protective Services trials ("CHIPS") that occurred as a result of the allegations that ultimately led to Lillian Radecki being removed from the Radecki household.

5.    Based upon the foregoing and for the reasons further outlined in the Declaration of Kurt J. Knuesel, interested party Lillian Radecki, through her attorney Kurt J. Knuesel, seeks clarification through a declaration from this Court that they may attend depositions in this case and obtain depositions transcripts/video recordings of depositions as necessary. As the first deposition in this matter is set for **January 10, 2022**, it is respectfully requested that, if possible, this Court

rule on this motion prior to that date.

      Dated:   January 5, 2022

      <u>/s/   Kurt J. Knuesel</u>
      Kurt J. Knuesel
      Minn. Atty. Reg. #0326367
      166 West Third St.
      Suite 200
      Winona, MN 55987
      Ph: 507.474.6080
      Email: Kurt@KnueselLaw.com